WO                                                                                                          JDN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Crawford, | No. CV-23-02209-PHX-MTL (ESW) |
| Plaintiff, | |
| v. | **ORDER** |
| Officer Robles, et al., | |
| Defendants. | |

Plaintiff Christopher Crawford, who is currently confined in the Arizona Prison Complex (ASPC)-Eyman, Florence Unit, brought this pro se civil rights action under 42 U.S.C. § 1983 against Arizona Department of Corrections, Rehabilitation, and Reentry (ADCRR) Officers Robles and Rapport. (Doc. 11.) Before the Court is Plaintiff's Motion entitled "Expediting the Preliminary Injunction Hearing/Temporary Restraining Order." (Doc. 22.) The Court will deny Plaintiff's Motion.

**I.   Background**

Plaintiff initiated this lawsuit on October 23, 2023. (Doc. 1.) Plaintiff set forth an Eighth Amendment claim for excessive force and a claim under the Americans with Disabilities Act (ADA) against Defendants. (*Id.*) Shortly after filing his Complaint, Plaintiff filed a Motion for Temporary Restraining Order, in which he sought an order to restrain the ADCRR from retaliating against him in the form of use of force by the Special Security Unit and placement in a housing unit that does not comport with his medium classification score. (Doc. 7.) Plaintiff also filed a Motion entitled "Expediting

the Preliminary Injunction Hearing/Temporary Restraining Order." (Doc. 8.)

Upon screening of the Complaint, the Court determined that Plaintiff's allegations failed to state claims under the Eighth Amendment or the ADA. (Doc. 9.) Because the Court dismissed the Complaint, it denied without prejudice Plaintiff's Motion for Temporary Restraining Order and his Motion seeking to expedite a hearing on the Motion. (*Id.*)

With leave of the Court, Plaintiff filed a First Amended Complaint. (Doc. 11.) Plaintiff alleged that, on September 26, 2022, he was the last prisoner to receive his meal in the dining hall and, although prisoners are supposed to receive fifteen minutes to eat their meals, officers "dismissed' the dining hall just minutes after he began to eat. (*Id.* at 3–4.) Plaintiff alleged that one of the officers arbitrarily activated the Incident Command System, and other officers began to clear prisoners out of the dining hall. (*Id.* at 4–5.) Plaintiff stated that he continued to eat his meal and did not pose a threat, but Defendants Robles and Rapport stormed into the dining hall, approached Plaintiff, slammed his head onto the table, handcuffed him, forced him up, and then slammed him into the wall of the dining hall. (*Id.* at 5.) Plaintiff alleged that, after the captain reviewed the surveillance footage, he determined Plaitniff had not violated any policy and was not in the wrong, so no disciplinary action was taken against him. (*Id.* at 6.) Plaintiff stated that, because of Defendants' actions, he suffered a head injury, possible concussion, and mental and psychological turmoil. (*Id.* at 3.)

Upon screening of the First Amended Complaint, the Court determined Plaintiff sufficiently stated an Eighth Amendment excessive force claim against Defendants in their individual capacities and ordered them to answer Count One. (Doc. 14 at 4.)[1]

Shortly thereafter, and before service on Defendants, Plaintiff refiled his Motion entitled "Expediting the Preliminary Injunction Hearing/Temporary Restraining Order." (Doc. 22.) This filing was a copy of the previously filed Motion. (*Id.*; *see* Doc. 8.) The

---

[1] The Court dismissed the medical care claim and ADA claim in Count Two and the Defendant named in that Count. (Doc. 14 at 5–7.)

Motion is signed and dated on November 6, 2023, and Plaintiff added that the Motion was "Resubmitt[ed]" on June 21, 2024. (*Id.* at 2.)

**II.     Discussion**

Because the Court previously denied without prejudice Plaintiff's Motion for Temporary Restraining Order, there is no motion for injunctive relief pending before the Court. As such, Plaintiff's request for an expedited hearing on such a motion is moot.

Moreover, the Court is unable to entertain Plaintiff's request for injunctive relief. "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pacific Radiation Oncology, LLC v. Queen's Med. Center*, 810 F.3d 631, 633 (9th Cir. 2015). A court should not grant an injunction "when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (affirming denial of an injunction request based on alleged retaliatory conduct unrelated to the basis of a prisoner's § 1983 claim for denial of medical care).

To the extent Plaintiff seeks injunctive relief based on allegations that prison officials are harassing him and retaliating in response to his lawsuit, such relief is not related to the excessive-force claim in this case. If Plaintiff wants to bring a First Amendment retaliation claim based on alleged conduct by prison officials, he must either move to supplement his First Amended Complaint or raise the claim in a new, separate lawsuit.[2]

. . . .

. . . .

. . . .

---

[2] To state a First Amendment retaliation claim, a plaintiff must allege: (1) the exercise of protected conduct, (2) adverse action by a state actor (3) because of that protected conduct, (4) the adverse action chilled the plaintiff's exercise of his First Amendment rights, and (5) the action did not advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).

1   **IT IS ORDERED** that the reference to the Magistrate Judge is withdrawn as to Plaintiff's Motion entitled "Expediting the Preliminary Injunction Hearing/Temporary Restraining Order" (Doc. 22) and the Motion is **denied**.

Dated this 19th day of September, 2024.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge