**WO**                                                                                      JDN

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Crawford, | No. CV-23-02209-PHX-MTL (JZB) |
| Plaintiff, | |
| v. | **ORDER** |
| Victor Robles, et al., | |
| Defendants. | |

Plaintiff Christopher Crawford, who is currently confined in the Arizona Prison Complex (ASPC)-Lewis, Barchey Unit, brought this pro se civil rights action under 42 U.S.C. § 1983 against Arizona Department of Corrections, Rehabilitation, and Reentry (ADCRR) Officers Victor Robles and Aaron Rapaport.  (Doc. 11.)  Before the Court are three Motions for injunctive relief filed by Plaintiff.  (Docs. 108, 117, 118).[1]  The Court will deny Plaintiff's Motions.

## I.    Background

In his First Amended Complaint, Plaintiff alleged that, on September 26, 2022, he was the last prisoner to receive his meal in the dining hall and, although prisoners are supposed to receive fifteen minutes to eat their meals, officers "dismissed' the dining hall just minutes after Plaintiff began to eat.  (Doc. 11 at 3–4.)  Plaintiff alleged that one of the

---

[1] Also before the Court are Defendants' Motion for Summary Judgment (Doc. 157), and Plaintiff's Motion for Relief (Doc. 176), which will be addressed in a separate order.

officers arbitrarily activated the Incident Command System, and other officers arrived and began to clear prisoners out of the dining hall.  (*Id.* at 4–5.)  Plaintiff stated that he continued to eat his meal and did not pose a threat, but Defendants Robles and Rapaport stormed into the dining hall, approached Plaintiff, slammed his head onto the table, handcuffed him, forced him up, and then slammed him into the wall of the dining hall.  (*Id.* at 5.)  Plaintiff stated that, as a result of Defendants' actions, he suffered a head injury, possible concussion, and mental and psychological turmoil.  (*Id.* at 3.)  Plaintiff stated that he was not immediately examined or treated by medical staff after the incident, and, although he is diagnosed as seriously mentally ill (SMI), his mental health needs were not addressed.  (*Id.* at 6, 8.)

Plaintiff alleged that, after the Captain reviewed surveillance footage of the incident, he determined Plaintiff had not violated any policy and was not in the wrong, so no disciplinary action was taken against him.  (*Id.* at 6.)

Upon screening of the First Amended Complaint, the Court determined Plaintiff sufficiently stated an Eighth Amendment excessive force claim against Defendants in their individual capacities and ordered them to answer Count One.  (Doc. 14 at 4.)[2]

## II.    Preliminary Injunction Standard

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)); *see also Winter v. Natural Res. Def. Council*, Inc., 555 U.S. 7, 24 (2008) (citation omitted) ("[a] preliminary injunction is an extraordinary remedy never awarded as of right").  Nonetheless, "federal courts must not shrink from their obligation to enforce the constitutional rights of all persons, including prisoners" and must not "allow constitutional violations to continue simply because a remedy would involve

---

[2] The Court dismissed Plaintiff's medical care claims related to the alleged failure to address Plaintiff's mental health needs following the incident.  (Doc. 14 at 5–7.)  The Court also dismissed NaphCare as a Defendant.  (*Id.* at 7.)

intrusion into the realm of prison administration." *Porretti v. Dzurenda*, 11 F.4th 1037, 1047 (9th Cir. 2021) (citation omitted).

A plaintiff seeking a preliminary injunction must show: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. When the government opposes a preliminary injunction, "[t]he third and fourth factors of the preliminary-injunction test—balance of equities and public interest—merge into one inquiry." *Porretti*, 11 F.4th at 1047.

### III. Plaintiff's Motions for Injunctive Relief

#### A. Motion for Relief from ADCRR Until Trial is Over (Doc. 108)

Plaintiff alleges that he was transferred to ASPC-Lewis Complex in retaliation for filing grievances and motions as part of this lawsuit. (Doc. 108 at 1.) He further alleges that he has a medical spine implant, which is controlled by a handheld device, but the Barchey medical unit has not allowed Plaintiff access to the device, and it has been turned off for weeks. (*Id.* at 2.) Plaintiff states that the Barchey medical unit cut his pain management medicine dosage in half. (*Id.* at 3.) According to Plaintiff, he was scheduled for back surgery; however, the Barchey medical unit has cancelled all scheduled surgeries. (*Id.*) Plaintiff alleges that the denial of adequate medical care is further retaliation for this lawsuit. (*Id.* at 2–3.)

In response, Defendants assert that Plaintiff's transfer to the Lewis Complex came after Plaintiff refused to house at the Meadows Unit, and Plaintiff's Do-Not-House-With list eliminated other potential medium-custody housing options. (Doc. 116 at 1.) Defendants also assert that, based on Plaintiff's medical records, he saw a neurologist on September 2, 2025, and the next day, a phone device to operate Plaintiff's neurostimulator was given to Barchey nursing staff. (*Id.* at 2.) Defendants state that Plaintiff's is seen once a week for adjustment of the spine stimulator, and Plaintiff is currently in pre-operative treatment for his spine. (*Id.*) Defendants note that NaphCare, the prison healthcare

provider, is not a party to this lawsuit, Defendants do not provide medical care, and Plaintiff's claim in this lawsuit concerns a single incident of excessive force. (*Id.*)

In his Reply, Plaintiff explains that there was no reason to transfer him from the Eyman, South Unit, where he held a landscaping job, regularly saw mental health, and received weekly medical checks for his spine. (Doc. 122 at 2.) Plaintiff alleges that the transfer from South Unit back to Meadows Unit—where he was attacked by Defendants— was retaliatory. (*Id.* at 1–2.) With regard to his medical issues, Plaintiff indicates that he was previously allowed access to the spine neurostimulator device, which is now being withheld from him at the Barchey Unit; however, Meadows Unit staff lied to Barchey Unit staff and told them Plaintiff never had such access. (*Id.* at 3–4.) Plaintiff seeks an order enjoining ADCRR and NaphCare staff from violating his Eighth Amendment rights. (*Id.* at 4.)

"When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Center*, 810 F.3d 631, 633 (9th Cir. 2015); *see Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (affirming denial of an injunction request based on alleged retaliatory conduct unrelated to the basis of a prisoner's § 1983 claim). A court should not grant an injunction "when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997).

Plaintiff alleges retaliation in the form of a retaliatory transfer and denial of adequate medical care. But the underlying claim in this action is an excessive force claim. Because Plaintiff did not plead a claim for retaliation, the court does not have authority to issue the requested injunctive relief.[3]

---

[3] To the extent Plaintiff seeks to bring a First Amendment retaliation claim or an Eighth Amendment medical care claim, he may move to amend his First Amended Complaint or file a new, separate lawsuit raising those claims. *See Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (the elements of a retaliation claim are: (1) the exercise of protected conduct, (2) adverse action by a state actor (3) because of that protected conduct, and (4) the adverse action chilled the plaintiff's exercise of his First

Moreover, Plaintiff seeks relief in the form of medical treatment from NaphCare, who, as mentioned, was dismissed as a defendant. A court may issue an injunction against a non-party only where the non-party acts in active concert or participation with an enjoined party. Fed. R. Civ. P. 65(d)(2) (a preliminary injunction only binds those who receive actual notice of it by personal service or are parties, their officers, agents, servants, employees, and attorneys, and persons in active concert); *see Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1985) ("[a] federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court"). Plaintiff's vague allegations are insufficient to support that non-party NaphCare is acting in active concert with the named Defendants.

Finally, Plaintiff does not refute Defendants' assertions that he has seen a neurologist, his spine neurostimulator is operating with weekly adjustments by medical staff, and he started pre-operative treatment for his spine.

Plaintiff's Motion for Relief from ADCRR Until Trial is Over will be denied for lack of jurisdiction and failure to show a threat of irreparable harm.

### B. Motion of Medical Hardship (Doc. 117)

Plaintiff alleges that a telemed physician ordered that Plaintiff's blood pressure be monitored daily; however, the Unit's NaphCare nurse stated they would not check his blood pressure every day. (Doc. 117 at 1.) Plaintiff alleges that he does not receive his high blood pressure medication on days they do not check his blood pressure; thus, despite his increasing blood pressure, he is not regularly receiving necessary blood pressure medication. (*Id.* at 2.) Plaintiff further alleges that he is prescribed a medical diet;

---

Amendment rights, and (5) the action did not advance a legitimate correctional goal); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (an allegation of retaliatory prison transfer sufficiently states a claim of retaliation); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) ("[p]rison officials are deliberately indifferent to a prisoner's serious medical needs when they . . . intentionally interfere with medical treatment") (internal quotation omitted).

however, ADCRR is not providing the prescribed diet, which negatively affects his health. (*Id.* at 3.)

Defendants did not respond to Plaintiff's Motion.

Plaintiff's allegations are concerning. But, again, Plaintiff's seeks injunctive relief from a nonparty, and the requested relief is unrelated to the underlying excessive force claim in this action. Because the Court does not have authority to grant the requested relief, Plaintiff's Motion of Medical Hardship will be denied. *See Pac. Radiation Oncology*, 810 F.3d at 633; *Zepeda*, 753 F.2d at 727.

**C.     Motion for Court to Impose Constitutional Rights of Prisoners**

Plaintiff alleges that he has submitted grievances regarding retaliation by ADCRR, NaphCare, and Aramark—the food services contractor; however, his grievances have gone unanswered. (Doc. 118 at 1.) Plaintiff explains that, because he has a medical hold due to his spine condition, he should not have been transferred from the Eyman Complex to the Lewis, Barchey Unit in 2025. (*Id.* at 2.) Plaintiff states that the Barchey Unit has no providers on site, and the prison is three hours from the spine surgeon. (*Id.*) Plaintiff alleges that he is not served his prescribed medical diet and, at times, not served meals at all. (*Id.* at 3.) Plaintiff also alleges that ADCRR staff have refused to send out his legal mail. (*Id.* at 3–4.) Lastly, Plaintiff states that NaphCare staff refuse to let him use his spine neurostimulator and terminated his pain medication. (*Id.* at 5.) Plaintiff describes an incident where his back gave out, an Incident Command System was initiated, but NaphCare did not respond, and ADCRR officers roughly placed Plaintiff in a restraint chair, which caused significant spinal pain. (*Id.*) Plaintiff claims that the actions of ADCRR, NaphCare, and Aramark all constitute deliberate indifference. (*Id.*)

Defendants did not respond to Plaintiff's Motion.

As with his prior Motion, Plaintiff's allegations are troubling. Nonetheless, for the same reasons discussed above, the Court does not have authority to grant injunctive relief unrelated to Plaintiff's excessive force claim and directed to non-parties. *See Pac.*

*Radiation Oncology*, 810 F.3d at 633; *Zepeda*, 753 F.2d at 727.  Plaintiff's Motion for Court to Impose Constitutional Rights of Prisoners will be denied.

**IT IS ORDERED:**

(1)     The reference to the Magistrate Judge is **withdrawn** as to Plaintiff's Motion for Relief from ADCRR Until Trial's Over (Doc. 108), Motion of Medical Hardship (Doc. 117), and Motion for Court to Impose Constitutional Rights of Prisoner (Doc. 118).

(2)     Plaintiff's Motion for Relief from ADCRR Until Trial's Over (Doc. 108), Motion of Medical Hardship (Doc. 117), and Motion for Court to Impose Constitutional Rights of Prisoner (Doc. 118) are **denied**.

Dated this 5th day of August, 2026.

Michael T. Liburdi
United States District Judge

- 7 -